**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**AROR ARK O'DIAH,**

**Plaintiff,**

**v.**

**08-CV-941**
**(TJM/DRH)**

**THE STATE OF NEW YORK; BRIAN FISCHER; MICHAEL CORCORAN; MALCOLM R. CULLY; RONALD W. MOSCICKI; STEPHEN GUTER; C.O. RAMSAY; D. RICHARDSON; J. PEPIN; J. HAHN; MR. & LT. SHAW; HEREFORD INSURANCE COMPANY; JERRY MAKULIK; and SCOTT C. CARLSEN,**

**Defendants.**

---

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

## I. INTRODUCTION

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. David R. Homer, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). As Magistrate Judge Homer explained in his Report-Recommendation and Order dated January 20, 2010:

> Plaintiff pro se Aror Ark O'Diah ("O'Diah"), an inmate currently in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, eleven DOCS employees ("State Defendants"), the State of New York, a private individual ("Makulik"), and his insurance company (together "Individual

> Defendants"), violated his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, the New York State Constitution, and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*.. Compl. (Docket No. 1). Presently pending is State Defendants' motion to dismiss or for a more definite statement pursuant to Fed. R. Civ. P. 8 and 10. Docket No. 28. O'Diah opposes dismissal but "will not object to file first amended complaint should the Court . . . order . . . [it] . . . .". Docket No. 30, ¶12. Additionally, the Individual Defendants' move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 42, 45. O'Diah opposes the motion and files a cross-motion for dismissal. Docket No. 44.

Rep. Rec. p. 6.

After discussing the motions, Magistrate Judge Homer recommended that:

> 1. State defendants' motion to dismiss (Docket No. 28) be GRANTED and O'Diah's complaint (Docket No. 1) be DISMISSED WITHOUT PREJUDICE as to all state defendants in their individual capacities and he be given thirty days after a final decision on these motions is received from the district court; and
>
> 2. The complaint be DISMISSED WITH PREJUDICE as to the State of New York and State defendants in their official capacities;
>
> 3. All claims pertaining to individual defendants be SEVERED and TRANSFERRED to Eastern District of New York;
>
> 4. The motion of individual defendants to dismiss the claims against them (Docket No. 42) be DENIED without prejudice to renewal after the claims against them are transferred to the Eastern District of New York; and
>
> 5. O'Diah's motion (Docket No. 44) be DENIED.

Id. pp. 18-19.

Plaintiff has filed objections to the Report-Recommendation.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28

U.S.C. § 636(b)(1)(C). General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).[1] After reviewing the Report-Recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.  DISCUSSION

Plaintiff's objections to the Report-Recommendation and Order are, for the most part, general conclusory arguments or arguments that were presented to Magistrate Judge Homer. Having reviewed those arguments and the Report-Recommendation and Order, the Court finds no clear error, and adopts those portions of the Report-Recommendation and Order addressed to these issues.

One issue warrants further discussion. Plaintiff alleges that the Report-Recommendation contains a reference to a date that "confounds the whole Report and

---

[1] The Southern District wrote in Frankel:

> The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y.1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

2009 WL 465645, at *2.

Recommendation." The Court disagrees.

After discussing the standards under Rules 8 and 10(b), and explaining the procedural history of this and a similar case brought by Plaintiff, see O'Diah v. Mawhir et al., No. 08-CV-322 (TJM/DRH) ("O'Diah I"),[2] Magistrate Judge Homer wrote:

> O'Diah has once before been instructed to comply with the pleading requirements of the federal rules. However, that instruction came after the initial filing of the present complaint, thus the admonition is improper to consider in the present motion. It is undeniable that O'Diah's present complaint of fifty-four single-spaced pages, together with thirty-five pages of exhibits, pushes the bounds of a short and plain statement. The Complaint also includes multiple repetitive clauses, connected by long, confusing sentences which are, at best, difficult to decipher. Indeed, it is difficult to fully comprehend the nature and details of the present claim.
>
> O'Diah has multiple pages worth of potentially meritorious, albeit conclusory, allegations which cannot be said to be wholly frivolous. Additionally, given that this was O'Diah's first pleading, it was written and filed seven months prior to the order in O'Diah I, and O'Diah has expressed an ability and willingness to amend the present complaint. Therefore, the Court will strike the complaint and grant O'Diah until November 1, 2009 to file an amended complaint that fully complies with Rules 8 and 10. As previously recommended in O'Diah I, . . . .

Rep. Rec. pp. 13-14 (underscoring added).

The Report-Recommendation and Order was issued on January 20, 2010. Plaintiff points to the underscored sentence, with a November 1, 2009 date, to support his argument that the whole Report-Recommendation and Order is confounding.

The underscored sentence appears to be typographical error where Magistrate Judge Homer was simply referring to how this Court dealt with a prior challenge under Rules 8 and 10(b) to Plaintiff's similarly pleaded complaint in O'Diah I. See Nov. 24, 2008

---

[2] Prior to the filing of this action, O'Diah filed another complaint against similar, or identical, defendants regarding similar claims. See O'Diah v. Mawhir et al., No. 08-CV-322 (TJM/DRH) ("O'Diah I").

Order in O'Diah I, No. 08-CV-322, Docket No. 44. [3] Regardless, when read in context it is clear that Magistrate Judge Homer was of the opinion that the complaint in this action failed to comply with Rules 8 and 10(b), and was recommending that certain claims be dismissed without prejudice to re-pleading. Indeed, this point is confirmed in the first decretal paragraph of the Report-Recommendation and Order. See Rep. Rec. p. 18.[4]

The Court finds that the Report-Recommendation and Order is not rendered unintelligible or "confounding" by the typographical error, and the Court agrees with Magistrate Judge Homer that the complaint should be dismissed without prejudice to re-pleading because it is unduly prolix and confusing.

## IV. CONCLUSION

Having reviewed Magistrate Judge Homer's Report-Recommendation and Order, and having considered Plaintiff's objections, the Court adopts Judge Homer's Report-Recommendation and Order for the reasons stated therein.

Accordingly, it is hereby **ORDERED** that:

(1) Defendants BRIAN FISCHER, MICHAEL CORCORAN, MALCOLM R. CULLY, RONALD W. MOSCICKI, STEPHEN GUTER, C.O. RAMSA, D. RICHARDSON, J.

---

[3] In the November 24, 2008 Order in O'Diah I, the Court wrote after addressing the defendants' Rules 8 and 10(b) challenges to the prolix and confusing complaint: "Accordingly, the Court will strike the Complaint and grant Plaintiff until January 9, 2009 to file an amended complaint that fully complies with Rules 8 and 10."

[4] Where Magistrate Judge Homer recommends that the:

> 1. State defendants' motion to dismiss (Docket No. 28) be GRANTED and O'Diah's complaint (Docket No. 1) be DISMISSED WITHOUT PREJUDICE as to all state defendants in their individual capacities and he be given thirty days after a final decision on these motions is received from the district court.

PEPIN, J. HAHN, LT. SHAW, and SCOTT C. CARLSEN's motion to dismiss pursuant to Rules 8 and 10(b) [Docket No. 28] is **GRANTED**. Plaintiff's complaint (Docket No. 1) is **DISMISSED WITHOUT PREJUDICE** as to these defendants. Plaintiff is granted thirty (30) days from the date of this Decision and Order to re-plead individual capacity claims against these defendants.

(2) The complaint is **DISMISSED WITH PREJUDICE** as to as to all claims brought against Defendant State of New York, and as to all official capacity claims brought against Defendants BRIAN FISCHER, MICHAEL CORCORAN, MALCOLM R. CULLY, RONALD W. MOSCICKI, STEPHEN GUTER; C.O. RAMSA, D. RICHARDSON, J. PEPIN, J. HAHN, LT. SHAW, and SCOTT C. CARLSEN;

(3) All claims pertaining to HEREFORD INSURANCE COMPANY and JERRY MAKULIK are **SEVERED** and **TRANSFERRED** to the Eastern District of New York;

(4) Defendants HEREFORD INSURANCE COMPANY and JERRY MAKULIK's motion to dismiss the claims against them [Docket No. 42] is **DENIED without prejudice to renewal** after the claims are transferred to the Eastern District of New York; and

(5) Plaintiff's motion [Docket No. 44] is **DENIED**.

**IT IS SO ORDERED**.

DATED:March _2____, 2010

Thomas J. McAvoy
Senior, U.S. District Judge