**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AROR ARK O'DIAH,**

                              **Plaintiff,**

       **v.**                                                              **No. 08-CV-941**
                                                                            **(TJM/DRH)**
**BRIAN FISCHER; MICHAEL CORCORAN;**
**MALCOLM R. CULLY; RONALD W. MOSCICKI;**
**STEPHEN GUTER; C.O. RAMSAY; D.**
**RICHARDSON; J. PEPIN; J. HAHN; MR. & Lt.**
**SHAW; SCOTT C. CARLSEN; ANDREW CUOMO,**
**Attorney General for the State of New York; K.**
**THOMAS, Correctional Officer, Cayuga**
**Correctional Facility; and D. SWIERK, Mail Room**
**Clerk, Lakeview Shock Incarceration Facility,**

                              **Defendants.[1]**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


                              **DECISION & ORDER**

**I.     INTRODUCTION**

       This _pro se_ action brought pursuant to 42 U.S.C. § 1983 was referred by this Court

to the Hon. David R. Homer, United States Magistrate Judge, for a Report-

Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).  In his

February 28, 2012 Report-Recommendation and Order, Magistrate Judge Homer

_____

       [1]Eleven other defendants were previously terminated or had the claims against them transferred to
other districts. See Dkt. Nos. 51, 61.

                                        1

recommended that Defendants' motion to dismiss (Dkt. No. 66) be:

      1. DENIED as to O'Diah's claims of:

              A. Denial of access to courts against Defendants Thomas, Hahn, Shaw, Swierk and Moscicki;

              B. Medical indifference against Defendants Cully, Thomas, Guter, and Mawhir;

              C. Retaliation against Defendants Pepin, Richardson, Cully, Hahn, Shaw and Swierk; and

              D. Filing of false misbehavior reports against Defendants Pepin, Richardson, Hahn, Shaw and Swierk; and

      2. GRANTED as to all other claims and all other moving Defendants.

      Plaintiff has filed objections to that much of the Report-Recommendation that recommends that certain claims be dismissed.

## II.    STANDARD OF REVIEW

      When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by

simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2

(S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v.

7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).  By the same reasoning,

a party may not advance new theories that were not presented to the magistrate judge in

an attempt to obtain this second bite at the apple. See Calderon v. Wheeler, 2009 WL

2252241, at *1, n. 1 (N.D.N.Y. July 28, 2009); Green v. City of New York, 2010 WL

148128, at * 4 (E.D.N.Y. Jan. 14, 2010)("[N]ew claims . . . presented in the form of, or

along with, 'objections . . .' should be dismissed.")(citations omitted).

As Judge Suddaby noted in Calderon:

> On de novo review, "[t]he judge may ... receive further evidence ...." 28
> U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to
> consider arguments, case law and/or evidentiary material that could have
> been, but was not, presented to the Magistrate Judge in the first instance.
> See, e.g ., Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir.
> 1994) ("In objecting to a magistrate's report before the district court, a party
> has no right to present further testimony when it offers no justification for not
> offering the testimony at the hearing before the magistrate.") [internal
> quotation marks and citations omitted]; Pan Am. World Airways, Inc. v. Int'l
> Bhd. of Teamsters, 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not
> abuse its discretion in denying plaintiff's request to present additional
> testimony where plaintiff "offered no justification for not offering the
> testimony at the hearing before the magistrate").

Calderon, 2009 WL 2252241, at *1, n. 1.

General or conclusory objections, or objections which merely recite the same

arguments presented to the magistrate judge, are reviewed for clear error.  Farid v. Bouey,

554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at

*2 (S.D.N.Y. Feb. 25, 2009).  After reviewing the report and recommendation, the Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge.  The judge may also receive further evidence or recommit the

matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

With this standard in mind, and after having reviewed Plaintiff's objections, the Court determines to adopt the recommendations for the reasons stated in Magistrate Judge Homer's thorough report.  Plaintiff has attempted to reargue the positions he took before Magistrate Judge Homer and attempted to fill the gaps in his argument, but he has not pointed to specific erroneous determinations by Judge Homer and the Court finds none. In addition, Plaintiff has attempted to assert additional facts not provided in the Amended Complaint, and some involving individuals not named as defendants in the Amended Complaint.  These facts and the actions by these non-parties were properly not considered by Magistrate Judge Homer on this Rule 12(b)(6) motion.

To the extent that Plaintiff seeks leave to file a second amended complaint re-alleging the claims dismissed here, see Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991)(It is the usual practice upon granting a motion to dismiss to allow leave to replead. ... [L]eave to replead is within the discretion of the district court ... [and] where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.), or assert new claims against new defendants, see Rep. Rec. p. 2, n. 4 ("O'Diah's opposition includes new claims against new defendants. Dkt. No. 70, ¶¶ 5-6, 26, 31, 38. These claims and defendants are not subjects of the present motion."), such an application must be made by proper motion before the magistrate judge.  If such a motion is made, Plaintiff must comply with Local Rule 7.1(a)(4) that provides in pertinent part:

A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15,

4

19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers. Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supersede the original pleading in all respects. A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference.

The motion must set forth specifically the proposed amendments and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means.

NDNY LR 7.1(a)(4).

If such a motion is made, Plaintiff must also be prepared to address (1) why a sought after amendment would not be futile in light of the determinations made herein adopting the Report-Recommendation and Order,[2] (2) why leave to amend should be allowed after this case has been pending for such a long period of time, and (3) why amendment would not prejudice the remaining Defendants.

## III.    CONCLUSION

For the reasons discussed above, the Court adopts Magistrate Judge Homer's February 28, 2012 Report-Recommendation and Order.  Therefore, Defendants' motion to dismiss (Dkt. No. 66) is:

1. **DENIED** as to O'Diah's claims of:

A. Denial of access to courts against Defendants Thomas, Hahn, Shaw, Swierk and Moscicki;

B. Medical indifference against Defendants Cully, Thomas, Guter, and

---

[2]Plaintiff's continued disagreement with the Court's and Magistrate Judge Homer's legal conclusions applied to the facts as they exist in amended complaint does not constitute a meritorious basis for amendment.  The assertion of some additional fact that would differentiate a claim from that considered and that would set forth a plausible claim under the law as discussed in Magistrate Judge Homer's Report-Recommendation and Order might constitute a non-frivolous basis for amendment.

Mawhir;

C. Retaliation against Defendants Pepin, Richardson, Cully, Hahn, Shaw and

Swierk; and

D. Filing of false misbehavior reports against Defendants Pepin, Richardson,

Hahn, Shaw and Swierk; and

2. **GRANTED** as to all other claims and all other moving Defendants.

If Plaintiff seeks to file a second amended complaint, he must make proper

application by motion before the magistrate judge.

**IT IS SO ORDERED**

**Dated:** March 20, 2012

Thomas J. McAvoy
Senior, U.S. District Judge